MARY R. BUGG *v.* ALFRED ALLEN.

**Husband and Wife—Surety—Subrogation.**

Where a surety on a stay bond paid the judgment replevied by
the husband and such surety, such payment did not invest the surety
with the right which a judgment plaintiff had against the estate of
the wife, of the husband.

APPEAL FROM HICKMAN CIRCUIT COURT.

September 17, 1873.

OPINION BY JUDGE LINDSAY:

It may be conceded that the unreversed judgment in favor of
Jones is (for the purposes of this suit) conclusive as to the liability
of Mrs. Bugg's land to be subjected to the payment of his debt, and
that the execution of the injunction bond by Allen suspended the
sale the court's commissioner was about to make.

But it was not the injunction suit that finally saved the land from
sale. Jones had the right to resort to his personal judgment against
John Bugg, the husband, and it was the payment of this judgment
that deprived Jones of the right to sell Mrs. Bugg's land.

If Bugg had paid the judgment, he would not have been subro-
gated to Jones' rights. He would merely have relieved his wife's
land from liability.

Allen replevied the personal judgment against the husband and
finally paid it. He was compelled to pay the debt, not on account of
his suretyship on the injunction bond, but because he replevied the
judgment against the husband. This payment gave him a right of
action against his principal in the replevin bond, but it did not invest
him with Jones' rights against the wife, for the obvious reason that
Bugg, the principal, would not have been so invested had he paid
the debt, instead of leaving his surety to pay it.

It is not enough to say that Mrs. Bugg, the debtor of Allen, was
benefited by the payment of the personal judgment against her hus-
band.

Allen did not become the husband's surety at her instance and
if he had, she being a *femè covert,* was incapable of binding herself
to perform a personal undertaking.

There was no privity between the parties to this action so far as
the replevin bond is concerned, and Allen has been compelled to pay

nothing as surety on the injunction bond. His petition ought therefore to have been dismissed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

*Bradley, for appellant.*

*Bullock, for appellee.*